# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

*ELECTRONICALLY FILED*

DMI FURNITURE, INC.
and DMI MANAGEMENT, INC.

    Plaintiffs,

v.

UNBEATABLE SALE.COM, INC. d/b/a
UNBEATABLESALES.COM AND
COMFORTMARKET.COM

    Defendant.

Civil Action No. 3-16-cv-73-DJH

## COMPLAINT FOR TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION

Plaintiffs DMI Furniture, Inc. ("DMI Furniture") and DMI Management, Inc. ("DMI Management") (collectively referred to as "DMI" or "Plaintiffs"), for their complaint against Defendant Unbeatable Sale.com, Inc. d/b/a Unbeatablesales.com and Comfortmarket.com ("Unbeatable Sales" or "Defendant") state as follows:

### NATURE OF ACTION

1. This is an action for infringement of trademarks registered under the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.*, 15 U.S.C. § 1114(a); and false designation of origin and unfair competition under the Lanham Act, 15 U.S.C. § 1125(a). DMI also avers a claim for unfair competition pursuant to the common law of Kentucky.

### JURISDICTION AND VENUE

2. As this case states claims for infringement of trademarks, false designation of origin and unfair competition under the Lanham Act, this court has original jurisdiction over this

matter pursuant to 15 U.S.C. § 1121(a) and 28 U.S.C. § 1338(a).  This Court likewise has original jurisdiction over the unfair competition claim arising under the common law of Kentucky pursuant to 28 U.S.C. § 1338(b).

3. Venue is proper in this Court under 28 U.S.C. § 1391(b).

4. Upon information and belief, Unbeatable Sales sells directly competing products to customers located in this judicial district.

## THE PARTIES

5. DMI Management is a corporation organized under the laws of the State of Kentucky with its principal place of business at 9780 Ormsby Station Road, Suite 2000, Louisville, Kentucky 40223.

6. DMI Furniture is a corporation organized under the laws of the State of Delaware with its principal place of business at 9780 Ormsby Station Road, Suite 2000, Louisville, Kentucky 40223.

7. Defendant Unbeatable Sales, upon information and belief, is a corporation organized under the laws of the State of New Jersey, with a principal place of business located at 195 Lehigh Ave., Suite 5, Lakewood, NJ 08701 and with Gershon Biegeleisen & Co., 111 Madison Avenue, Lakewood, NJ 08701 serving as its registered agent.

## STATEMENT OF FACTS
### The HOME STYLES® Mark

8. Founded in 1911, DMI Furniture has offered an extensive variety of furniture products and furnishings for the home, garden and office and has actively promoted its furniture products through extensive advertising and frequent attendance at, and sponsorship of, trade shows and exhibitions.

9. DMI Furniture is one of the most well-known manufacturers of furniture and furnishings for the home, garden and office in the United States.

10. DMI Management owns the following federally registered trademarks (referred to herein as "DMI Mark" or "HOME STYLES®") for use in connection with its furniture products and furnishings on the principal register:

> HOME STYLES®, Registration No. 2,810,598, registered February 3, 2004, for wooden household furniture.
>
> HOME STYLES®, Registration No. 4,500,462, registered March 25, 2014, for Home furnishings, namely, bed headboards, night tables, chests of drawers, vanities, vanities and mirrors; vanity benches; dining buffets, tables, chairs, hutches, stools, kitchen islands, furniture bars; entertainment credenzas and consoles; television stands; desks; side chairs, lounge chairs, storage benches, storage trunks, mobile file cabinets; office cabinets; entry way furniture namely, benches, tables and coat racks; Recreational tables, namely, poker tables, pool tables, and foosball tables

A certified copy of the trademark certificates of registration has been attached to this Complaint as Exhibit A.

11. DMI Management also owns all common law rights in the HOME STYLES® mark, controlling and overseeing all use of the HOME STYLES® mark by DMI Furniture and exercising quality control over DMI Furniture's use of the HOME STYLES® mark in connection with DMI Furniture's products.

12. Since launching its HOME STYLES® brand in 1998, DMI has distributed its HOME STYLES® furniture products through retail outlets across the United States including, but not limited to, Wayfair and Home Depot.

13. Since launching its HOME STYLES® brand in 1998, DMI has spent millions of dollars in its marketing efforts for the promotion and sale of these products including frequent showings and attendance at trade shows and exhibitions to promote existing HOME STYLES®

furniture products and to introduce new HOME STYLES® furniture products to home furniture and furnishings retailers.

14. Today, DMI ranks as one of the leading manufacturers of furniture and furnishings for the home, garden and office in the United States offering and selling this furniture and furnishings under the federally registered HOME STYLES® mark among others.

### Infringing Activity

15. DMI operates a website at www.homestyles-furniture.com where consumers can go to learn more about the HOME STYLES® furniture products and find retailers that carry HOME STYLES® furniture products.

16. Unbeatable Sales offers various lines of furniture, kitchen items, home products, and other items on its websites www.unbeatablesales.com and www.comfortmarket.com.

17. DMI authorizes sellers across the country to sell HOME STYLES® products online including Unbeatable Sales, who remained an authorized dealer of HOME STYLES® until DMI terminated the relationship in December 2014.

18. After Unbeatable Sales' status as an authorized dealer was terminated (the "Termination"), Unbeatable Sales continued to advertise and show on Unbeatable Sales' website a large number of HOME STYLES® branded products.

19. DMI contacted Unbeatable Sales no less than four times from September 2015-December 31, 2015 requesting that all HOME STYLES® branded products be removed from the websites of Unbeatable Sales.

20. Unbeatable Sales refused to do so and, in fact, added DMI product items, even after DMI's demand that all such items be removed.

21. Consumers attempting to order the HOME STYLES® product from Unbeatable Sales' websites were informed that the HOME STYLES® product was on back order and were provided an Unbeatable Sales phone number to call for purposes of pre-ordering the furniture.

22. Despite Unbeatable Sales misstatements in the previous paragraph, consumers could not pre-order any HOME STYLES® branded products from Unbeatable Sales as Unbeatable Sales was no longer an authorized dealer given the Termination and HOME STYLES® branded products generally were not on back order at the time.

23. Unbeatable Sales' continued unauthorized use of DMI's trademark HOME STYLES® for the sale of furniture and home furnishing products, is likely to confuse consumers and cause consumers to believe that Unbeatable Sales is sponsored by or otherwise affiliated with DMI, which is false.

24. Unbeatable Sales' representations that it sells HOME STYLES® branded products that are not immediately available amounts to nothing more than a "bait-and-switch" by Unbeatable Sales so as to attract consumers by initial interest in the hopes that consumers will purchase other products available on Unbeatable Sales' websites that are competitive products to that of DMI.

## COUNT ONE
## TRADEMARK INFRINGEMENT – REGISTERED MARK

25. DMI restates and incorporates the above stated averments as if fully stated herein.

26. Unbeatable Sales began using the HOME STYLES® mark for the advertising and sale of DMI products with the permission of DMI. However, upon termination of the relationship between DMI and Unbeatable Sales, Unbeatable Sales failed to discontinue use of the HOME STYLES® mark and the images of DMI products, which are owned by DMI.

27. Unbeatable Sales' use of the DMI Mark creates a likelihood of confusion among consumers as consumers will falsely assume that Unbeatable Sales is somehow affiliated with DMI, or that DMI authorized or licensed Unbeatable Sales to sell DMI's line of HOME STYLES® furniture and home furnishing products.

28. The goodwill of the DMI Mark, namely HOME STYLES®, is of enormous value, and DMI is and will continue to suffer immediate and irreparable harm should Unbeatable Sales' unauthorized offering of furniture and home furnishing products under the DMI Mark continue.

29. The acts of Unbeatable Sales in its unauthorized use of the DMI Mark in connection with offering furniture and home furnishing products is intended to and will divert to Unbeatable Sales the benefit of the business reputation and goodwill symbolized by the DMI Mark, which belongs exclusively to DMI.

30. Unbeatable Sales' infringing use of an identical mark to that of the DMI Mark in connection with its distribution of furniture and home furnishing products through national retailers, as well as over the Internet, will likely continue unless enjoined by this Court.

31. Unbeatable Sales' actions constitute infringement of the DMI Mark under 15 U.S.C. § 1114(a).

32. Unbeatable Sales' actions complained of herein have been willful.

33. DMI is entitled to a permanent injunction against Unbeatable Sales, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorney's fees.

## COUNT TWO
## TRADEMARK INFRINGEMENT – COMMON LAW

34. DMI restates and incorporates the above stated averments as if fully stated herein.

35. Unbeatable Sales' use of the DMI Mark creates a likelihood of confusion among consumers. Such consumers will assume that Unbeatable Sales is somehow affiliated with DMI, or that DMI authorized or licensed Unbeatable Sales to sell DMI's line of HOME STYLES® furniture and home furnishing products, which is false.

36. The goodwill of the DMI Mark, namely HOME STYLES®, is of enormous value, and DMI is and will continue to suffer immediate and irreparable harm should Unbeatable Sales' unauthorized offering of furniture and home furnishing products under an identical mark continue.

37. The acts of Unbeatable Sales, in its unauthorized use of the DMI Mark in connection with furniture and home furnishing products, is intended to and will divert to Unbeatable Sales the benefit of the business reputation and goodwill symbolized by the DMI Mark, which belongs exclusively to DMI.

38. Unbeatable Sales' infringing use of the DMI Mark in connection with its distribution of furniture and home furnishing products over the Internet will likely continue unless enjoined by this Court.

39. Unbeatable Sales' actions constitute infringement of the DMI Mark under 15 U.S.C. § 1125(a).

40. Unbeatable Sales' actions complained of herein have been willful.

41. DMI is entitled to a permanent injunction against Unbeatable Sales, as well as all other remedies available under the Lanham Act, including, but not limited to, compensatory damages, treble damages, disgorgement of profits, and costs and attorney's fees.

## COUNT THREE
## FALSE DESIGNATION OF ORIGIN/UNFAIR COMPETITION

42. DMI restates and incorporates the above stated averments as if fully stated herein.

43. Unbeatable Sales' use of the DMI Mark in connection with the offering of furniture and home furnishing products falsely represents that such goods and services originate with, or are sponsored, endorsed, underwritten or licensed by DMI.

44. Unbeatable Sales is an unauthorized user of the DMI Mark and DMI cannot exercise any control over the nature and quality of Unbeatable Sales' furniture and home furnishing products, nor the customer service that Unbeatable Sales provides to consumers.

45. Upon information and belief, Unbeatable Sales' false designation of origin has been willful and deliberate, designed specifically to trade upon the consumer goodwill enjoyed by DMI in the home furniture and furnishings industry.

46. DMI's consumer goodwill is of enormous value, and DMI will suffer irreparable harm if Unbeatable Sales' false designation of origin as to the DMI Mark is allowed to continue.

47. Unbeatable Sales' false designation of origin will likely continue unless enjoined by this Court.

48. DMI is entitled to a permanent injunction against Unbeatable Sales, as well as all other remedies available under the Lanham Act, including but not limited to compensatory damages; treble damages; disgorgement of profits; and costs and attorney's fees.

### COUNT FOUR
### UNFAIR COMPETITION (PURSUANT TO KENTUCKY LAW)

49. DMI restates and incorporates the above stated averments as if fully stated herein.

50. Unbeatable Sales' use of the DMI Mark in connection with the offering of furniture and home furnishing products falsely represents that such goods and services originate with, or are sponsored, endorsed, underwritten or licensed by DMI.

51. Despite DMI's numerous demands that Unbeatable Sales remove all references to its products from Unbeatable Sales' websites, Unbeatable Sales continued to advertise HOME

STYLES® furniture and home furnishing products through the 2015 holiday season under other advertisements related to a Christmas Sale on other merchandise available on Unbeatable Sales' websites.

52. Rather than admit to customers that DMI had terminated its relationship with Unbeatable Sales, Unbeatable Sales told customers HOME STYLES® furniture and home furnishing products were on back order and prompted customers to engage Unbeatable Sales personnel for purposes of making purchases Unbeatable Sales knew it could not provide.

53. This conduct has hurt the good will built up in the HOME STYLES® Mark giving customers an impression that HOME STYLES® furniture and home furnishing products were not readily available during the 2015 holiday season.

54. Unbeatable Sales took advantage of the HOME STYLES® brand by encouraging customers to visit their website for HOME STYLES® furniture and home furnishing products despite knowledge that it could no longer sell their products.

55. Upon information and belief, Unbeatable Sales' false designation of origin has been willful and deliberate, designed specifically to trade upon the consumer goodwill enjoyed by DMI in the home furniture and furnishings industry.

56. DMI is entitled to a permanent injunction against Unbeatable Sales, as well as all other remedies available under Kentucky law, including but not limited to compensatory damages; disgorgement of profits; and reasonable costs.

WHEREFORE, DMI requests that the Court order:

1. The issuance of a permanent injunction enjoining Unbeatable Sales and its agents, servants, employees, successors, representatives and assigns, and all others in concert and privity with them, from using the DMI Mark, namely HOME STYLES®, or any mark confusingly similar thereto in any manner in advertising, promoting or sale of goods or services in the

    furniture and home furnishing products industry, and from infringing or falsely designating the origin of the DMI Mark;

2. The issuance of a permanent injunction enjoining Unbeatable Sales from using the DMI Mark, namely HOME STYLES®, or any mark confusingly similar thereto for any goods or services in the furniture and home furnishing products industry, or otherwise engaging in acts or conduct that would cause confusion as to the source, sponsorship or affiliation of DMI with Unbeatable Sales;

3. That Unbeatable Sales account to DMI for its profits, the actual damages suffered by DMI and as a result of Unbeatable Sales' acts of infringement and false designation of origin, together with interest and costs, and that such damages be trebled because of the willful acts described above, which acts were committed in knowing disregard of DMI's rights;

4. That Unbeatable Sales surrender all copies of any materials mentioning any goods or services in the furniture and home furnishing products industry that they have created or obtained bearing the DMI Mark, namely HOME STYLES® or any mark confusingly similar thereto for destruction, and that they be enjoined from creating, purchasing or acquiring such materials in the future or placing them on a website;

5. That Unbeatable Sales provide a list of all clients of their services and send each client a letter, approved in advance by DMI, advising that they are not connected or affiliated with DMI and informing each client of Unbeatable Sales' new brand name for its furniture and home furnishing products business;

6. That Unbeatable Sales pay compensatory and treble damages to DMI;

7. That Unbeatable Sales disgorge all profits realized from its offering of furniture and home furnishing products under the DMI Mark, namely HOME STYLES®, or any mark confusingly similar thereto;

8. That Unbeatable Sales pay DMI's attorneys' fees, together with the costs of this suit; and,

9. All other and further relief as may be just and equitable.

                                                              Respectfully submitted,

                                                              /s/ Mark A. Flores
                                                          Mark A. Flores
                                                          FROST BROWN TODD LLC
                                                          250 W. Main Street, Suite 2800
                                                          Lexington, KY 40507-1749

                    Telephone: (859) 231-0000
                    Facsimile: (859) 231-0011
                    e-mail: mflores@fbtlaw.com

*Counsel for DMI Management, Inc. and DMI Furniture, Inc.*

OF COUNSEL (To Be Admitted PHV)
Samantha M. Quimby (0081968)
FROST BROWN TODD LLC
10 West Broad Street, Ste. 2300
Columbus, OH 43215
Telephone: (614) 464-1211
Facsimile: (614) 464-1737

0000AQQ.0566811 4813-9943-8892